USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-26-21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: AURORA COMMERCIAL CORP. ET AL.

20-cv-4719 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

Appellants Judith Czin, the Estate of Eugene Czin, and the Distributees of the Estate of Eugene Czin (collectively, the "Czins"), bring this appeal from the order of the bankruptcy court disallowing and expunging their claims filed against Aurora Commercial Corp. ("ACC") and Aurora Loan Services LLC ("ALS", collectively the "Debtors"). For the reasons explained below, the order of the bankruptcy court is **affirmed**.

I

The following facts are drawn from the appendix filed in connection with this appeal, ECF No. 14, and are undisputed unless noted otherwise.

In 2006, Judith and Eugene Czin received a loan in the amount of $650,000 pursuant to a note and a mortgage (the "Note" and the "Mortgage") to refinance a prior mortgage on the property located at 1151 45th Street, Brooklyn, New York. App'x 886. In 2007, ALS began servicing the Mortgage, and in 2009, the original lender assigned its beneficial interest in the Mortgage

to ALS. Id. Also in 2009, ALS commenced a foreclosure action in New York State Court (the "Foreclosure Action"). Id. In 2012, ALS, ACC, and Nationstar Mortgage LLC ("Nationstar") executed an asset purchase agreement whereby ALS and ACC sold their servicing rights to the Mortgage loan to Nationstar, transferred all beneficial interests in the Mortgage to Nationstar, and provided a limited power of attorney to enable Nationstar to execute such instruments as necessary to carry out various activities, including the completion of foreclosure. App'x 609, 633, 887.

In 2014, as ALS's attorney-in-fact, Nationstar assigned the Mortgage to itself. App'x 890, 892. Nationstar then moved for summary judgment in the Foreclosure Action and to be substituted as plaintiff in the action. In an order dated May 17, 2016, the state court denied the motion for summary judgment on the foreclosure (the "2016 Order"). App'x 60. In reaching this decision, the state court observed that "the mortgage was assigned from [the named plaintiff, ALS] to Nationstar Mortgage LLC on or about April 4, 2014," before the papers for the motion for summary judgment were filed. App'x 59. The conclusion that the named plaintiff potentially no longer held the note and the mortgage, in combination with other filing errors, led the state court to deny the motion with leave to renew on proper papers. App'x 60. Nationstar appealed this decision, and the appeal has

2

been stayed first due to the passing of Eugene Czin and later due to the bankruptcy petition filed by ALS. App'x 10, 19. In 2018, under ALS's name, Nationstar filed a Notice of Pendency in the state court regarding the Foreclosure Action. App'x 898-90. There are no facts or allegations that ACC had any role in the operative transactions.

The debtors filed petitions pursuant to Chapter 11 of the Bankruptcy Code on March 24, 2019. On May 30, 2019, the Czins submitted six claims against the Debtors in the bankruptcy court, each in the amount of $650,000, seeking a declaration from the bankruptcy court that the Debtors' Note and Mortgage are void as well as damages for slander of title for the allegedly improperly filed Notice of Pendency. App'x 1, 7, 24, 30, 47, 53. In their claims, the Czins rely on the 2016 Order, which they assert dismissed the Foreclosure Action. Accordingly, they argue that the Debtors and/or their assignees failed to perfect their interest in the property, rendering the Note and the Mortgage void and the Notice of Pendency invalid. App'x 53.

The bankruptcy court entered an order disallowing and expunging the Czins's claims. App'x 159. The bankruptcy court found that because of the assignment of the mortgage to Nationstar, the Debtors have no interest in the Note, the Mortgage, or the subject property, and therefore the Czins failed to state a prima facie claim against the Debtors. App'x

3

163. Moreover, none of the claims contains any allegations with respect to ACC and ALS and ACC do not allege any interest in the Note, the Mortgage, or the Property. Furthermore, the bankruptcy court concluded that the Debtors are not responsible for the Notice of Pendency, and that in any event, the Czins failed to state a claim for slander of title because a notice of pendency is a true statement where it is undisputed that the Foreclosure Action is still pending. App'x 163-64.

## II

On appeal, the Court reviews a bankruptcy court's factual findings for clear error and its legal conclusions de novo. Nat'l Union Fire Ins. Co. v. Bonnanzio, 91 F.3d 296, 300 (2d Cir. 1996). The Court may affirm on any ground that finds support in the record and need not limit its review to the bases raised or relied upon in the decisions below. See, e.g., In re Coronet Capital Co., No. 94-cv-1187, 1995 WL 429494, at *3 (S.D.N.Y. July 20, 1995).

## III

The appellants fail to show that the bankruptcy court committed clear error in its factual findings or applied any incorrect law. The bankruptcy court's factual findings with respect to the assignment of the Note and the Mortgage to Nationstar were supported by clear evidence in the record, namely, the 2012 asset purchase agreement and limited power of

4

attorney, the 2014 assignment, and the 2018 Notice of Pendency. Having determined that the assignment occurred, the bankruptcy court correctly concluded that the Czins did not have a valid claim against the Debtors and also that the Debtors played no role in the Notice of Pendency. Moreover, the bankruptcy court correctly concluded that, because of the appeal of 2016 Order, the Notice of Pendency was a true statement and, as a result, the Czins failed to state a claim for slander of title.

The appellants make several arguments on appeal, none of which are persuasive. The appellants argue that in the 2016 Order, the state court determined that neither ALS nor Nationstar have standing in the foreclosure matter. However, the 2016 Order did not make any such determination. Indeed, the state court was unable to determine conclusively who holds the Note and Mortgage but also acknowledged that they appear to have been assigned Nationstar. If anything, the state court's decision makes the Czins's claims against the Debtor less plausible.

As it relates to slander of title, the appellants argue that there was no action pending at the time of the filing of the Notice of Pendency because the Foreclosure Action was dismissed in the 2016 Order. Under New York law, an action for slander of title requires "(1) a communication falsely casting doubt on the validity of complainant's title, (2) reasonably

5

calculated to cause harm, and (3) resulting in special damages." Brown v. Bethlehem Terrace Assocs., 525 N.Y.S.2d 978, 979 (App. Div. 1988). The Czins's attempt to establish falsity based on the assertion that no action was pending at the time of the filing of the Notice of Pendency fails. The 2016 Order did not dismiss the Foreclosure Action, but rather denied summary judgment with leave to refile. Moreover, the pending appeal of the 2016 Order means that the Foreclosure Action is still pending. Accordingly, the Notice of Pendency was accurate and not slanderous.

The appellants also argue that the bankruptcy court erred because the Debtors' objection to the Czins's claims required an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property." Fed. R. Bankr. P. 7001(2). Under the bankruptcy rules, the procedure required to adjudicate a matter depends on the relief sought. When a debtor files an objection to a proof of claim, this creates a "contested matter" that is adjudicated pursuant to Federal Rule of Bankruptcy Procedure 9014. See, e.g., In re Enron Corp., No. 04-CV-8177, 2007 WL 2825727, at *4 (S.D.N.Y. Sept. 21, 2007) ("[The debtor] has filed an objection to [the creditor's] proof of claim and such a filing creates a contested matter under [Federal Rule of Bankruptcy Procedure] 9014, not a matter that is normally handled in an adversary proceeding."). On the other

hand, when a party both objects to a proof of claim and seeks other relief set forth in Rule 7001 (such as avoiding a lien), both forms of relief should be brought in an adversary proceeding. See, e.g., In re Kressler, 252 B.R. 632, 634 (Bankr. E.D. Pa. 2000). As an initial matter, the appellants do not explain why an adversary proceeding would have protected their rights in a way that a contested matter process did not. In any event, the Debtors merely brought an objection to the Czins's claims and did not seek to avoid (or assert) a lien or demand any other relief. The fact that the Czins sought other relief does not change the analysis because the disallowance of the Czins's claims against the Debtors did not prejudice the Czins from pursuing the relief they sought in other fora against the appropriate party, namely, Nationstar. Accordingly, the bankruptcy court properly adjudicated the objection as a disputed matter pursuant to Rule 9014.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the order of the bankruptcy court is **affirmed**.

The Clerk is directed to close all pending motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         April 26, 2021

　　　　　　　　　　　　　　　　　／s／ John G. Koeltl
                                  **John G. Koeltl**
                                  **United States District Judge**